# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DENNIS HOWARD,

    Plaintiff

v.

JOHN MANNING, et. al.

    Defendants

Case No.: 3:17-cv-00211-MMD -WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 33

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Candis Brockway's[1] Motion for Summary Judgment. (ECF Nos. 33, 33-1 to 33-7, 35-1 to 35-4.) Despite being given an extension of time (ECF No. 29), Plaintiff failed to file a response.

After a thorough review, it is recommended that the motion be granted.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

---

[1] Candis Brockway's now goes by Candis Rambur, but to avoid confusion, the court will continue to refer to her as Candis Brockway.

On screening, Plaintiff was allowed to proceed with the following claims: (1) an Eighth Amendment conditions of confinement claim against defendant Manning in Count I related to allegations that Manning required Plaintiff to climb a ladder he knew was unsafe which resulted in injuries; (2) an Eighth Amendment deliberate indifference to serious medical needs claim in Count II against defendant Vest based on allegations that Vest was aware of Plaintiff's injuries and pain but refused to provide him with medical care and threatened him with disciplinary consequences if he did not leave to infirmary; (3) an Eighth Amendment deliberate indifference claim in Count II against Brockway, based on allegations that he filed a grievance about the denial of medical care on November 9, 2015, and Brockway did not immediately ensure that Plaintiff received treatment for his pain and injuries, as he was not seen by Dr. Johns until November 12, 2015. The other claims and defendants were dismissed. (ECF No. 13.)

Defendants Manning and Vest have since been dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 32.) Therefore, the only claim remaining is the Eighth Amendment claim asserted against Brockway.

Brockway moves for summary judgment, arguing: she was not deliberately indifferent to Plaintiff's medical needs because Plaintiff received medical care, x-rays, pain medications and was referred to a specialist for his injuries. In addition, he was informed by Brockway that there is a scheduled sick call every day and that "man down" calls are available for emergency issues. Alternatively, she argues she is entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

*v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Standard**

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104); *see also Akhtar*, 698 F.3d at 1213. Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted) (finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).  "'[A] prisoner need not prove that he was completely denied medical care' in order to prevail" on a claim of deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (quoting *Lopez*, 203 F.3d at 1132), *overruled on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Snow*, 681 F.3d at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

**B. Analysis**

Brockway presents the following unrefuted evidence:

On September 4, 2015, Plaintiff fell from a ladder while working at NNCC.

1  (ECF No. 33-1, ECF No. 35-1.) He subsequently notified NNCC medical, who transported him
2  to the prison infirmary. (*Id.*) He was seen by medical on September 9, 2015, x-rays were done,
3  he was prescribed light duty and medication. (ECF No. 35-2 at 3.) He was also seen on
4  September 23, 2015. (*Id.*)
5        Plaintiff alleges that on November 9, 2015, he requested permission to go to medical due
6  to extreme pain he was in from his injuries sustained when he fell off the ladder. Upon entering
7  the medical building, he alleges that Vest stopped him and asked what was wrong, and Plaintiff
8  explained about his fall and injuries and need to see a doctor. He said that he had an appointment
9  on November 2, 2015, but it was cancelled without any explanation. Plaintiff avers that Vest told
10 him to fill out another medical kite and send it in, and that because it was not his yard day and he
11 wanted to be seen by medical he would be charged for a "man down", and subject to a notice of
12 charges. (ECF No. 7 at 9.)
13       Plaintiff filed a grievance about Vest on November 9, 2015. (ECF No. 33-2 at 2.)
14       On November 24, 2015, Brockway responded to Plaintiff's grievance that there are sick
15 calls every day and a call for a "man down" is available for emergency or life-threatening issues.
16 She also stated that he was seen on November 12, 2015, at which time pain medication, and a
17 referral to a specialist was ordered. (ECF No. 33-2 at 3; ECF No. 35-2 at 2.) This was
18 Brockway's only involvement in the grievance procedure or treatment of Plaintiff.
19       On January 19, 2016, his first level grievance was denied because he had been seen by
20 medical for his December 9, 2015 pain complaint on December 30, 2015, and was prescribed
21 pain medication and issued a cane to assist with ambulation. (ECF No. 33-2 at 4; ECF No. 35-2
22 at 2; Ex E at 1.)
23

The evidence establishes that she responded reasonably and appropriately to his grievance by advising him that he could go to sick call, call a "man down" in the event of an emergency, and pointed out that he had been seen on November 12, 2015. Plaintiff received an appropriate response from Brockway, and appears to have received adequate medical care for his injuries from NNCC's medical department. There is no evidence that Brockway had anything to do with the brief delay in Plaintiff being seen by medical between November 9 and 12, 2015. The unrefuted evidence demonstrates that Brockway was not deliberately indifferent to Plaintiff's serious medical needs. In light of this conclusion, the court need not reach Brockway's qualified immunity argument. Brockway's motion for summary judgment should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Brockway's Motion for Summary Judgment (ECF No. 33).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 1, 2020

_____
William G. Cobb
United States Magistrate Judge